

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2007

# Anderson v. Keim

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3880

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Anderson v. Keim" (2007). *2007 Decisions*. Paper 440.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/440

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-341                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3880
_____

RICKY ANDERSON

v.

AMY L. KEIM

Ricky Samuel Anderson,
                                                      Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-cv-00863)
District Judge: Honorable David S. Cercone
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 9, 2007

Before: MCKEE, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed:  September 13, 2007)

_____

OPINION
_____

PER CURIAM

Ricky Anderson appeals from the District Court's grant of judgment on the

pleadings in favor of Appellee Amy L. Keim. Because we determine that the appeal lacks arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

While detained in a state facility, Anderson initiated this action in the District Court against Keim, his former criminal defense attorney, seeking recovery under 42 U.S.C. § 1983. He alleges that Keim's "misrepresentation" and "neglect[]" led to him being refused bond, and asserts that Keim has violated his rights and the rights of his child. (Compl. at 3.) He seeks an order awarding him ten million dollars, and requests that Keim's representation of him be terminated and that two judges involved with his case before the state courts be "contact[ed] . . . about bond." (Id. at 4.) Keim filed a motion for judgment on the pleadings, asserting that Anderson did not allege that she had acted under color of state law as required to state a cause of action under § 1983. (Mot. for J. on the Pleadings at 3.)

The District Court agreed with Keim and the magistrate judge to whom the case had been referred, and entered judgment for Keim on the pleadings on the ground that Keim did not act under color of state law. (Magistrate Judge's Report and Recommendation at 1; District Court's Mem. Order at 2.) Anderson filed a timely notice of appeal.

His appeal is clearly meritless. A plaintiff cannot state a viable claim under § 1983 without alleging that the violation of federal rights of which he complains "was committed by a person acting under color of state law." See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005). State-appointed criminal defense

2

attorneys such as Keim do not act under color of state law.  See Polk County v. Dodson, 454 U.S. 312, 319-25 (1981)(function of defense lawyer is "essentially . . . private" and performed without "state office and authority," even though lawyer is licensed by government and even if he is employed by government as public defender).

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Id. at 325.  Anderson does not allege that Keim's actions went beyond these traditional functions, or that Keim had any connection with the state sufficient to show that she acted under color of state law.

Indisputably, Anderson's § 1983 claim will not lie against Keim.  Therefore, we will dismiss this appeal under § 1915(e)(2).